1

2

3

4

5

6

7

8                                UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11     DELWAN BLAZER                              No.  2:22-cv-01635-CKD

12                    Plaintiff,                  PRETRIAL SCHEDULING ORDER

13            v.

14     AUTOZONERS, LLC,

15                    Defendant.

16

17            READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES THAT

18     THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND

19     PARTIES MUST COMPLY. FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER

20     MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER APPROPRIATE

21     SANCTIONS, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

22            After all parties consented to the jurisdiction of a United States Magistrate Judge for all

23     purposes pursuant to 28 U.S.C. § 636(c), the action was reassigned to the undersigned for all

24     further proceedings and entry of final judgment. (ECF Nos. 6.) The parties' joint status report

25     (ECF No. 7) is before the court.

26            Having reviewed the joint status report, the Court now issues the following pretrial

27     scheduling order. Separately, pursuant to the parties' agreement, the Court will issue an order

28     referring this case to the Court's Voluntary Dispute Resolution Program ("VDRP").

                                                    1

NATURE OF THE CASE

Plaintiff Delwan Blazer worked as a sales associate in a Rancho Cordova store of defendant. His employment ended in mid-June of 2021. The parties dispute the circumstances of his separation. Plaintiff sues for disability discrimination and race discrimination. He further contends that defendant failed to provide compliant meal periods and, by extension, owes statutory penalties for inaccurate wage statements and late payment of wages. Defendant denies the allegations.

SERVICE OF PROCESS

All named defendants have been served and have appeared. No further service is permitted except with leave of Court, good cause having been shown.

JOINDER OF PARTIES/AMENDMENT OF PLEADINGS

All named defendants have answered plaintiff's complaint. No further joinder of parties or amendments to pleadings are permitted except with leave of Court, good cause having been shown.

JURISDICTION/VENUE

Venue is undisputed, and is hereby found to be proper.

Plaintiff does not contest jurisdiction in federal court at present. Defendant removed the case from Sacramento County Superior Court based on diversity of citizenship jurisdiction. The parties are conferring over whether plaintiff entered into an agreement for binding arbitration.

INITIAL DISCLOSURES

To the extent that the parties have not already done so, the parties shall exchange initial disclosures no later than **December 2, 2022**.

DISCOVERY DEADLINES, PROCEDURES FOR DISCOVERY DISPUTES

All non-expert discovery shall be completed[1] by **September 15, 2023.** Any discovery-related motions must conform to the requirements of the Federal Rules of Civil Procedure and

---

[1] "Completed" means (1) all discovery shall have been conducted so that all depositions have been taken and (2) any disputes related to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.

1    this Court's Local Rules, including Local Rule 251. Judge Delaney generally hears civil motions

2    on Wednesdays at 10:00 a.m.

3        Prior to filing any discovery-related motions, the parties are required to meet and confer in

4    good faith in an attempt to resolve their discovery disputes informally and without court

5    intervention. Such meet and confer shall take place in person, or at a minimum, via a telephonic

6    conference. The mere exchange of letters or e-mails alone is not sufficient. As part of their joint

7    statement related to a discovery motion submitted pursuant to Local Rule 251, the parties shall

8    also specifically outline: (a) what meet-and-confer efforts were undertaken; (b) when and where

9    such discussions took place; (c) who was present; and (d) how the parties' disputes were

10   narrowed as a result of such discussions. Failure to comply with these requirements may result in

11   summary denial of any discovery motion.

12       The Court strongly encourages the use of informal telephonic discovery conferences with

13   the Court in lieu of formal discovery motion practice. The procedures and conditions for

14   requesting and conducting such an informal telephonic discovery conference are outlined in

15   Judge Delaney's "Order re Informal Telephonic Conferences re Discovery Disputes," posted on

16   the Court's website at http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/5055/.

17   Additionally, subject to the Court's availability, the Court will also rule on disputes encountered

18   at oral depositions, so as to avoid such depositions from breaking down. In the course of the

19   deposition, the parties may contact Judge Delaney's courtroom deputy clerk at (916) 930-4004 to

20   inquire regarding Judge Delaney's availability. However, the parties are cautioned that these

21   informal procedures are not to be abused, and the Court may impose appropriate sanctions on an

22   offending party or parties, even in the course of informal discovery conferences.

23                    EXPERT DISCLOSURES AND DISCOVERY

24       The parties shall disclose any expert witnesses in accordance with the specifications of

25   Federal Rule of Civil Procedure 26(a)(2) no later than **November 17, 2023.** Any rebuttal expert

26   disclosures shall be made in accordance with the specifications of Federal Rule of Civil

27   Procedure 26(a)(2) no later than **December 8, 2023.** Expert disclosures shall be filed with the

28   Court and served upon all other parties. All expert discovery shall be completed (see fn. 3) by

1   **January 25, 2024.** The same procedures for fact–discovery disputes apply to expert–discovery

2   disputes.

3       An expert witness not timely disclosed will not be permitted to testify unless the party

4   offering the witness demonstrates that: (a) the necessity of the witness could not have been

5   reasonably anticipated at the time that the expert disclosures were due; (b) the Court and opposing

6   counsel were promptly notified upon discovery of the witness; and (c) the witness was promptly

7   proffered for deposition. Failure to provide the information required by Federal Rule of Civil

8   Procedure 26(a)(2) along with the expert disclosures may lead to preclusion of the expert's

9   testimony or other appropriate sanctions.

10      LAW AND MOTION

11      All law and motion, except as to discovery-related matters, shall be completed (i.e. heard)

12   by **October 4, 2023.** Counsel and/or parties proceeding without counsel are cautioned to refer to

13   the Local Rules regarding the requirements for noticing such motions on the Court's regularly

14   scheduled law and motion calendar, including, but not limited to, Local Rule 230. Judge Delaney

15   generally hears civil motions on Wednesdays at 10:00 a.m. This paragraph does not preclude

16   motions for continuances, motions in limine related to trial, temporary restraining orders, or other

17   emergency applications, for which the Court may set a special briefing schedule, if necessary or

18   appropriate.

19      ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL

20   MOTION. The purpose of law and motion is to narrow and refine the legal issues raised by the

21   case, as well as to dispose of those issues that are susceptible to resolution without trial by pretrial

22   motion. To accomplish that purpose, the parties need to identify and fully research the issues

23   presented by the case, then examine those issues in light of the evidence obtained through

24   discovery. If it appears to counsel after examining the legal issues and facts that an issue can be

25   resolved by pretrial motion, counsel are to file the appropriate motion consistent with the law and

26   motion cutoff set forth above. Conversely, motions in limine are procedural devices designed to

27   address the admissibility of evidence. THE COURT WILL LOOK WITH DISFAVOR UPON

28   SUBSTANTIVE MOTIONS PRESENTED UNDER THE GUISE OF MOTIONS IN LIMINE

1    AT THE TIME OF TRIAL.

2                    FINAL PRETRIAL CONFERENCE/TRIAL SETTING

3            Plaintiff timely demanded a jury trial in his pleading; defendant does not contest this

4    issue. The undersigned declines to set final pretrial conference and trial dates at this juncture.

5    Instead, the Court orders the parties to submit a Notice of Trial Readiness on one of the following

6    timelines:

7            A.   After resolution of any pending dispositive motions, the parties are to submit the

8                    Notice not later than thirty (30) days after receiving the court's ruling(s) on the last

9                    filed dispositive motion(s); or

10           B.   If the parties do not intend to file dispositive motions, the parties are ordered to file the

11                   Notice not later than one hundred twenty (120) days after the close of discovery and

12                   the notice must include statements of intent to forgo the filing of dispositive motions.

13   In the Notice of Trial Readiness, the parties are to set forth the appropriateness of special

14   procedures, their estimated trial length, any request for a jury, their availability for trial, and if the

15   parties are willing to attend a settlement conference. The Notice shall also estimate how many

16   court days each party will require to present its case, including opening statements and closing

17   arguments. The parties' estimate shall include time necessary for jury selection, time necessary to

18   finalize jury instructions and instruct the jury. After review of the parties' Joint Notice of Trial

19   Readiness, the court will issue an order that sets forth dates for a final pretrial conference and

20   trial.

21                   OBJECTIONS

22           Any objections to this pretrial scheduling order shall be filed within seven (7) days.

23                   SETTLEMENT CONFERENCE

24           Should the parties wish to conduct a settlement conference with a magistrate judge, they

25   are to contact the undersigned's courtroom deputy clerk to inquire as to the availability of another

26   magistrate judge for a settlement conference.

27   ////

28   ////

1    VDRP

2        The parties agreed to submit this case for VDRP. Separately, the Court will issue an order

3    referring this case to the Court's Voluntary Dispute Resolution Program ("VDRP").

4        <u>MODIFICATION OF THIS SCHEDULING ORDER</u>

5        The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b)(4), this

6    order shall not be modified except by leave of court upon a showing of "good cause." <u>See</u>

7    <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604 (9th Cir. 1992). Mere agreement by the

8    parties pursuant to a stipulation does not constitute good cause. Nor does the unavailability of

9    witnesses or counsel, except in extraordinary circumstances, constitute good cause.

10   Dated:  November 10, 2022

11                                           CAROLYN K. DELANEY
12                                           UNITED STATES MAGISTRATE JUDGE

13

14   8.blaz22cv1635.sched.o

15

16

17

18

19

20

21

22

23

24

25

26

27

28